# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTHONY VISERTO, | No. 4:17-CV-02370 |
|---|---|
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| WARDEN KATHY P. LANE, | |
| Respondent. | |

## ORDER

### JUNE 5, 2019

Anthony Viserto filed this 28 U.S.C. § 2241 petition challenging the Bureau of Prison's ("BOP") calculation of his federal sentence.[1] In April 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court dismiss as unexhausted Viserto's petition and deny his motion to transfer the case to another district.[2] Viserto filed timely objections to the Report and Recommendation in which he contends that (1) he exhausted his remedies by sending a letter to the BOP while in state custody and (2) exhaustion would be futile because a BOP employee responded to that letter and explained that Viserto's federal sentence had been properly calculated.[3]

---

[1] Doc. 1.
[2] Doc. 8.
[3] Docs. 11, 13, 14.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[5] After reviewing the record, the Court finds no error in Magistrate Judge Carlson's recommendations.

As to Viserto's contention that he exhausted his administrative remedies while in state custody, he points to no law—and the Court can find none—supporting his assertion that taking action outside of the BOP's settled administrative procedures is sufficient to exhaust administrative remedies. Rather, upon Viserto's admission to federal custody, he was required to exhaust the available BOP remedies, which he failed to do.[6] Moreover, a letter from one BOP employee—sent in response to Viserto's letter inquiry and outside of the BOP's ordinary process for reviewing

---

[4] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[6] *Cf. Simms v. United States,* No. 08–13–HRW, 2009 WL 3061994, at *5 (E.D. Ky. Sept. 21, 2009) (noting that "the BOP cannot be said to be implementing or executing a prisoner's sentence until that prisoner is received into federal custody to 'commence' his or her federal sentence within the meaning of 18 U.S.C. § 3585(a). Until that time, the BOP has yet to make any firm or binding determinations regarding the circumstances of the prisoner's confinement").

sentence calculations—is insufficient to demonstrate futility.[7] Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 8) is **ADOPTED**;

2. Viserto's 28 U.S.C. § 2241 petition (Doc. 1) is **DISMISSED** for failure to exhaust administrative remedies;

3. Viserto's motions to transfer the case (Docs. 7, 9) are **DENIED**; and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[7] *Cf. Muniz v. Zickefoose*, 460 F. App'x 165, 167 (3d Cir. 2012) (concluding "[t]hat the Government's counsel believes the law to require a contrary outcome does not excuse [petitioner] from pursuing the administrative remedies the BOP makes available").